LEMMON, Judge.
Plaintiffs, who are associated and individual property owners and residents of the French Quarter, have appealed from a judgment dismissing their rule to halt defendants’ alleged violation of an injunction pertaining to the Sound and Light Project in Jackson Square. At issue is whether defendants’ actions constituted a violation.
In October, 1973 the City of New Orleans and the Mayor were permanently enjoined “from proceeding with the installation and operation of the Sound and Light ('Son et Lumiere’) project in the Jackson Square of the City of New Orleans until there has been full compliance with all legal requirements.” In the accompanying reasons for judgment the trial judge specifically noted the City had failed (1) to obtain approval of the project from the Vieux Carre Commission (V.C.C.), (2) to obtain approval by the City Council in a capital budget ordinance, (3) to hold public bidding on the contract to supply the equipment for the project, and (4) to obtain legislative authority to use Jackson Square for commercial purposes which exclude non-paying citizens. The court did not specifically rule on disputed issues as to zoning violations and nuisance.
On February 18, 1975, while the City’s appeal (subsequently abandoned in July) was still pending, plaintiffs filed the rule *483 at issue herein. Plaintiffs alleged that the City had undertaken a site improvements plan for Jackson Square, which included installation of conduits designed for the Sound and Light project. The petition demanded that implementation of that portion of the improvement plan violative of the injunction be restrained.
At trial counsel stipulated that approximately 20 conduits, being installed around Jackson Square in connection with the extensive improvement program for the area, were installed to serve as the circuitry for the Sound and Light project, although the conduits had other potential uses consistent with good planning; that the landscape architect for the improvement program obtained his information regarding placement of the conduits from the principal contractors for the Sound and Light project; and that the conduits were neither requested nor designed by the utility companies serving the area, who anticipated and provided for the future electrical and telephone needs of the area without use of these conduits. The evidence further shows that the deficiencies specified in the reasons for judgment in the injunction ruling had not been satisfied as to the entire Sound and Light project, although the site improvement program (which included the conduits in question) had been approved by the V. C.C. and approved in the capital budget, and the contract for the improvement program had been awarded by public bidding.
The V.C.C. director testified that these particular conduits in terms of size and location were similar to those proposed in the preliminary specifications for the Sound and Light project, but that numerous conduits (perhaps amounting to $10,000.00 in cost) were included in the $1,000,000.00 project. The director further stated that installation of the disputed conduits at this time will prevent having to tear up the expensive flagstone in the future at an exorbitant cost, if the Sound and Light project becomes a reality or some other need for underground wiring occurs. He admitted that several of the conduits were to be capped in front of 522 St. Peters Street, which is the proposed location of the control room for the Sound and Light project.
The trial court ruled that the site improvement plan was not part of the Sound and Light project and thus not vio-lative of the existing injunction. We disagree.
In our opinion the installation of the conduits, admittedly intended for ultimate use in the Sound and Light project (although other non-specified future uses were possible), constituted a violation of the injunction. We thus reject the «City’s defense, which is based solely on the proposition that the injunction was not violated.
Perhaps the City could have instituted a rule of its own, alleging that the injunction should be modified (if necessary) on the grounds that any violations thereof were justified by the economics and other circumstances of the situation. But in such a rule the City would have the burden of proving facts in support of the request for modification.
 With the case in its present posture, however, the City’s conclusional statement that inclusion of the conduit installation in the site improvement plan constituted good planning simply does not excuse violation of the injunction. By proper proceedings the City may perhaps prove facts which justify a modification of the injunction by the trial court; such a proceeding, however, is not now before us, and we cannot in the present case grant a modification without allowing plaintiffs to prepare and present their side of the case.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that judgment be rendered ordering defendants to halt the installation of the conduits indicated on plaintiffs’ Exhibit No. 1, *484 in violation of the injunction of October 24, 1973. Defendants’ rights are reserved to file appropriate proceedings and to attempt to obtain a modification of the injunction.

Reversed and rendered.